The document below is hereby signed.

Signed: July 1, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRIAN DEMETRUIS GARDNER, SR., | ) ) | Case No. 20-00159 (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DISMISSING CASE

The debtor has filed most required papers in this case, and his response to the trustee's motion to dismiss suggests excuses for not attending the meeting of creditors and for failing to file a few documents.[1]  But in light of 11 U.S.C. § 109(h) the case must be dismissed.  On part 5 of his petition, the debtor checked a box, with accompanying instructions, indicating:

> I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

The accompanying instructions stated:

---

[1] The debtor failed to file (1) copies of all payment advices or other evidences of payment or a statement that no evidence of payment exists using a signed Local Official Form No. 9; and (2) a statement whether the case was authorized.

> **To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.** Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed. Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

[Emphasis added.] The debtor has failed to comply with the quoted instructions, and is not entitled to a waiver.[2] In turn, 11 U.S.C. § 109(h)(1) provides that the debtor "may not be a debtor" under the Bankruptcy Code based on his failure to obtain prepetition credit counseling. The case must be dismissed. It is thus

    ORDERED that this case is dismissed without barring the debtor's filing a new case.

                                                    [Signed and dated above.]

Copies to: E-recipients; all entities on BNC mailing list.

---

[2] Moreover, it is too late for the debtor to seek a waiver. The 30th day after filing the petition was April 16, 2020, and even if that date were extended for the maximum of 15 days, making the deadline May 1, 2020, that deadline has passed. Under 11 U.S.C. § 109(h)(3)(B), the court cannot extend the deadline. In addition, this court's experience is that credit counseling can be obtained within a very short period of time, and certainly within seven days of making the request. For that reason, the court has never granted a temporary 30-day waiver request. Finally, the debtor points to no exigent circumstances that required that he file without first obtaining credit counseling.